UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
FR. MEYERS SOHN CANADA INC.,          :
                                      :
                        Plaintiff,    :
                                      :         MEMORANDUM DECISION
            -against-                 :             AND ORDER
                                      :
RESOURCE REUTILIZATION LLC and        :         20 Civ. 9814 (GBD) (RFT)
KEJRIWAL PAPER USA, LTD.,             :
                                      :
                        Defendants.   :
------------------------------------ x

GEORGE B. DANIELS, United States District Judge:

Plaintiff Fr. Meyers Sohn Canada Inc. ("FMS Canada") brings this action against Defendants Resource Reutilization LLC and Kejriwal Paper USA, Ltd., alleging that Plaintiff provided transportation and other services for Defendants' cargo and that Defendants failed to pay the freight charges, as well as demurrage, detention, storage, and other charges that accrued after the consignees refused to accept delivery. (Compl., ECF No. 1, ¶¶ 7–25.) The Complaint, filed on November 20, 2020, alleges breach of the FMS North America General Terms and Conditions and the FMS Seaways Terms and Conditions; breach of the FMS Credit Agreement; open account; account stated; and quantum meruit/unjust enrichment. (*Id.* ¶¶ 26–49.) This Court granted default judgment against Defendants on May 13, 2021, and referred the case to Magistrate Judge Barbara C. Moses for an inquest on damages. (ECF Nos. 22, 24.) The referral was reassigned to Magistrate Judge Robyn F. Tarnofsky on November 15, 2023. (Nov. 15, 2023 Notice of Reassignment.)

Before this Court is Magistrate Judge Tarnofsky's January 30, 2024 Report and Recommendation ("Report") recommending that Plaintiff be awarded compensatory damages, prejudgment interest, attorneys' fees, and costs. (Report, ECF No. 31, at 16.) No party filed objections to the Report. Having reviewed the Report for clear error, this Court ADOPTS the

1

Report in its entirety except for minor adjustments to the amount of attorneys' fees and prejudgment interest.

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When there are no objections to a magistrate judge's report, a district judge reviews the report for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham*, No. 14-CV-3515 (VEC) (MHD), 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

After a comprehensive inquest, Magistrate Judge Tarnofsky properly determined that Plaintiff is entitled to compensatory damages[1] for Defendants' failure to pay freight, demurrage, detention, storage, and other charges in breach of the FMS North America General Terms and Conditions.[2] (*See* Report at 5–10.) Plaintiff is also entitled to prejudgment interest,[3] attorneys'

---

[1] The Report correctly limited Plaintiff's damages to those requested in the demand for judgment. (*See* Report at 9–10 (citing Fed. R. Civ. P. 54(c); Compl. at 9–10).)

[2] The Report correctly concluded that Plaintiff's other claims were duplicative of its breach of contract claim. (Report at 7.) The Report also analyzed liability only under the FMS North America General Terms and Conditions and not the FMS Seaways Terms and Conditions, correctly concluding that the General Terms and Conditions are sufficient for establishing liability. (*See id.*; *see also Ocean Transp. Line, Inc. v. Am. Philippine Fiber Indus., Inc.*, 743 F.2d 85, 89 (2d Cir. 1984) (explaining that a shipper that has agreed to pay freight has also agreed to pay demurrage charges for detention beyond the lay time unless the contract specifies otherwise).)

[3] This Court adopts the Report's recommendations as to prejudgment interest except for the date from which prejudgment interest should run. (*See* Report at 10–12.) This Court accepts the recommendation of a "conservative" start date, given that the contractual prejudgment interest rate of 12% is relatively high. (*Id.* at 10–11.) However, because the Report recommended limiting damages to those that accrued before this case was filed (*see id.* at 9–10; *see supra* n.1), this Court finds that the prejudgment interest start date should be no later than the filing date. To effectuate the Report's recommendation of "a conservative date when all the recoverable charges had accrued" (Report at 11), this Court selects November 20, 2020, the date the Complaint was filed. (*See* ECF No. 1.)

fees,[4] and costs. (*See id.* at 10–16.) This Court awards Plaintiff the damages recommended by the Report as modified below and ADOPTS the remainder of the Report in its entirety.

## **CONCLUSION**

Defendants Resource Reutilization LLC and Kejriwal Paper USA, Ltd. are jointly and severally liable to Plaintiff as follows: $962,961 in compensatory damages; prejudgment interest at a rate of 12% per year from November 20, 2020, through the date of judgment, to be calculated by the Clerk of Court; $22,102 in attorneys' fees; and $1,460.84 in costs. (*See* Report at 16.) The Clerk of Court is directed to close this case.[5]

Dated: March 26, 2024
       New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

---

[4] This Court adopts the Report's recommendation of reducing the requested attorneys' fees by 20% to reflect a reasonable number of hours for the work completed. (*See* Report at 14–15.) However, the Report stated that Plaintiff requested $27,657.50 in attorneys' fees (Report at 12, 15), whereas Plaintiff actually requested $27,627.50. (Decl. Marc Waetjen, ECF No. 27, ¶ 20; *see also* Ex. 7, ECF No. 27-7 (showing Plaintiff's legal bills, with the total fees adding up to $27,627.50).) Using the correct figure for the attorneys' fees requested and reducing it by 20%, Plaintiff is entitled to $22,102 ($27,627.50 x .8) in attorneys' fees. (*See* Report at 15.)

[5] As of the date of this Order, this Court is simultaneously mailing a copy of this decision to Defendants Resource Reutilization LLC and Kejriwal Paper USA, Ltd. at the following addresses:

Resource Reutilization LLC
72-35 112th St Ste #8D
Forest Hills, New York, 11375

Kejriwal Paper USA, Ltd.
10 West 46th Street 7th Floor
New York, New York, 10030